# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THOMAS EVERRETT RICHARDSON, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:15-CV-56-SNLJ |
| STODDARD COUNTY JAIL, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Thomas Everrett Richardson, Jr. (registration no. N/A) for leave to commence this action without payment of the required filing fee [Doc. #2]. Because plaintiff is under house arrest, he cannot obtain a certified inmate account statement, and therefore, the motion will be granted. Furthermore, based upon a review of the complaint [Doc. #1], the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff brings this action for monetary relief pursuant to 42 U.S.C. § 1983 against Stoddard County Jail, Carl Heffner (Sheriff), and Roy Jones (Head Jailer). Plaintiff's allegations arise out of his confinement at the Stoddard County Jail in 2014. Specifically, he claims that he was "seriously hurt" and sustained permanent injuries on September 30, 2014, and that defendant Roy Jones was negligent in refusing to take him to the doctor or hospital and in telling plaintiff, "It's going to be sore it's a black eye." Plaintiff claims that he did not receive any medical attention until November 7, 2014, after he had been transferred to the Dunklin County Jail. In addition, plaintiff generally alleges that he "was harassed by the Stoddard County Jailers" and that he "was flat refused by every official in Stoddard County Jail for medical attention."

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against defendants Heffner and Jones in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Carl Heffner and Roy Jones.

The complaint is also frivolous as to defendant Stoddard County Jail, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit).

As additional grounds for dismissing this action, the Court notes that mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property). Moreover, medical malpractice and inadvertent failure to provide adequate medical care do not amount to a constitutional violation, *Dulany v. Carnahan*, 132 F.3d 1234, 1343 (8th Cir. 1997).

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th Day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE